IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
        Plaintiff,

vs.                                           Case No. 09-10097-01-JTM

KARLA KAY AIKMAN,
        Defendant.

MEMORANDUM AND ORDER

This matter is before the court on the defendant Karla Kay Aikman's motion seeking a reduction in sentence based upon Amendment 794 to the United States Sentencing Guidelines. Although Aikman formally invokes 18 U.S.C. § 2255 as a mechanism for relief, her real argument is that Amendment 794, which reinterprets how to determine Sentencing Guidelines adjustments for a minor role in the offense, should be deemed retroactive.

Arguments grounded on amendments to the Guidelines are properly brought under 18 U.S.C. § 3852, not as § 2255 claims. *See United States v. Jones*, 143 Fed.Appx. 526, 527 (4th Cir. 2005) (error to construe the petitioners' reduction of sentence motions based on retroactive application of Guidelines Amendment as Section 2255 motions); *Ono v. Pontesso*, 1998 WL 757068, at *1 (9th Cir. Oct. 26, 1998) (request for a modification of a sentence pursuant to a Guidelines amendment "is most properly brought as a motion under 18

U.S.C. § 3582"); *United States v. Mines*, 2015 WL 1349648, at *1 (E.D. Va. Mar. 4, 2015) (where petitioner "seeks a reduction in sentence pursuant to any amendment to the United States Sentencing Guidelines, he must file a separate motion for reduction of sentence pursuant to 18 U.S.C. § 3582").

As to the issue of retroactivity of Amendment 794, Aikman's reliance on the decision of the Ninth Circuit in *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016) is misplaced. In that case, the Ninth Circuit simply determined that Amendment 794 was a clarifying amendment which "applies retroactively to direct appeals." *Id*. at 523. Aikman was convicted in 2010, and did not appeal. Accordingly, the Ninth Circuit's decision provides no authority for the retroactive application of the amendment in cases on collateral review. *See Rosa-Lara v. United States*, 2016 WL 4916796, *1 (D. Utah. Sept. 14, 2016).

Under Tenth Circuit precedent, only those amendments which are explicitly enumerated in § 3582(c)(2) are deemed to be retroactive. U.S. Sentencing Guidelines Manual § 1B1.10(a)(2). *See United States v. Avila*, 997 F.2d 767, 768 (10th Cir. 1993). Amendment 794 is not such an enumerated amendment. *See United States v. Harrison*, 2016 WL 6310768, *2 (N.D. Okla. Oct. 27, 2016) ("Amendment 794 is not retroactive under the sentencing guidelines, federal statutes, or Tenth Circuit precedent"); *United States v. Fouse*, 2016 WL 4516066, *2 (N.D. Okla. Aug. 29, 2016) ("Amendment 794 ... cannot be applied retroactively and it may not serve as the basis on which to reduce defendant's sentence").

Even if Amendment 794 were retroactively applicable, it would provide no basis for

reducing the defendant's actual sentence. The defendant explicitly waived in her plea agreement any future challenge to her sentence "under Title 18, U.S.C. § 3582(c)(2)." (Dkt. 94, at 5). Further, in rejecting Aikman's prior Section 3852(c) motion based on a different amendment to the guidelines, the court observed that Aikman "was sentenced to the minimum term of 120 months required by statute." (Dkt. 126). Thus, even if the Amendment were retroactive and defendant had not waived future motions under Section 3582, her ultimate sentence would remain the same. *See United States v. Ramirez*, 2016 WL 4263098, *1 (D. Kan. Aug. 12, 2016) (since the sentence "imposed was the minimum permitted by statute," any reduction [under Amendment 794] based on a supposed minimal role in the offense would not have altered the defendant's actual sentence").

IT IS ACCORDINGLY ORDERED this 13th day of December, 2016, that the defendant's Motion for Relief (Dkt. 129) is hereby denied.

                                                  ___s/ J. Thomas Marten_____
                                                  J. THOMAS MARTEN, JUDGE